IN THE UNITED STATES BANKRUPTCY COURT FOR
THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| KATHLEEN M. SCHROEDER | ) | Case No. 23-10223 |
| | ) | |
| | ) | Chapter 7 |
| Debtor | ) | |
| _____ | ) | |
| | ) | |
| KATHLEEN M. SCHROEDER | ) | |
| Plaintiff, | ) | Adversary Pro. _____ |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF EDUCATION, NELNET SERVICING, LLC, | ) | |
| and NAVIENT SOLUTIONS, LLC | ) | |
| | ) | |
| Defendants | ) | |
| _____ | ) | |

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF A DEBT**

**MAY IT PLEASE THE COURT**, Kathleen M. Schroeder, debtor in the above-captioned Chapter 7 case, files this Complaint to determine the dischargeability of her educational loans pursuant to 11 U.S.C. section 523(a)(8), and asserts as follows:

**NATURE OF THE COMPLAINT**

1. This is an adversary complaint filed by Kathleen M. Schroeder, debtor in the above-captioned Chapter 7 proceeding, to determine that the educational loan debts owed to and/or serviced by the defendants United States Department of Education, Nelnet Servicing,

1

LLC, and Navient Solutions, are all dischargeable, and discharged, pursuant to 11 U.S.C. section 523(a)(8).

## JURISDICTION AND VENUE

2.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334(b) because this adversary proceeding arises in, arises under, and is related to the Chapter 7 case, <u>In re Kathleen M. Schroeder</u>, pending in this Section of the United States Bankruptcy Court for the Eastern District of Louisiana, Case No. 23-10223.

3.    This Court has personal jurisdiction over the defendants pursuant to Federal Rule of Bankruptcy Procedure 7004(f).

4.    Venue is proper in this Court pursuant to 28 U.S.C. §1409(a).

5.    This complaint is a core proceeding pursuant to 28 U.S.C. §157(b)(2). The debtor consents to the entry of final orders or judgment by the Bankruptcy Court in this matter.

## PARTIES AND BACKGROUND

6.    On February 15, 2023, Kathleen M. Schroeder, the debtor and plaintiff in this proceeding, filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code. In her originally filed Schedule F, the debtor listed debts for educational loans incurred between 2001 and 2019, which, upon information and belief, are either held or serviced by the

defendants. The estimated total balances are $64,339.34 in federal/U.S. Department of Education loans currently serviced by Nelnet; and $4,843.00 due to Navient.

7. The debtor's educational loans were incurred for the debtor's education at the Remington College-New Orleans, University of Phoenix, Grand Canyon College, Delgado Community College, and Grantham University. The debtor ultimately received an associate's degree in Medical Billing & Coding from Grantham University. She did not complete her studies at, or receive degrees from, any of the other institutions.

8. At the time of filing her bankruptcy, the debtor was unemployed. The debtor has since found employment and earns a weekly salary of $500.00 from her job. After payroll deductions, her monthly income is $1,942.29. Even with very moderate living expenses, the debtor has no disposable income and is unable to afford the estimated standard monthly payments of $699.25 (on her federal loans owed to the United States Department of Education), and $200.00 (on her Navient Stafford loans), while maintaining a miminal standard of living for herself and her two minor children. The debtor is a single parent, and her children are 7 and 13 years old.

## NON-DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. section 523(a)(8)

## (UNDUE HARDSHIP)

9. The debtor's educational loan debts to the defendants should be discharged pursuant to 11 U.S.C. section 523(a)(8) because excepting these debts from the debtor's Chapter 7 discharge "would impose an undue hardship on the debtor and the debtor's dependents."

10. In the Fifth Circuit, "undue hardship" is established by showing: (a) that the debtor cannot maintain, based on current income and expenses, a minimal standard of living for herself and her dependents (if any) if forced to repay the loans; (b) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period for the student loans; and (c) that the debtor has made a good faith effort to repay the loans.[1]

11. First, the debtor cannot maintain a minimal standard of living based on her current income and expenses if she is forced to repay her educational loans. The debtor currently earns a weekly gross salary of $500.00. After tax deductions, the debtor's net monthly income is $1,942.29. The debtor's expenses are moderate under IRS and local standards for her family size of three. Nevertheless, the debtor's net income after expenses is insufficient to permit her to make payments totaling an estimated $899.25 per month on her educational loans.

---

[1] *In re Gerhardt*, 348 F.3d 89 (5th Cir. 2003), adopting the three-part test of *Brunner v. New York State Higher Education Services Corp.*, 831 F.2d 395, 396 (2nd Cir. 1987).

4

12. Second, additional circumstances exist indicating that the debtor's financial inability to repay her loans is likely to persist for a significant portion of the repayment period. The debtor only completed one of the degrees for which the loans were incurred, a degree in Medical Billing & Coding. However, the debtor is unable to obtain work in this field because it requires additional training and certification, the cost of which is unaffordable to the debtor.

13. Third, the debtor has made a good faith effort to repay her loans. She has made some payments on both the Nelnet-serviced loans and her Navient loans. She has applied for multiple forbearances/deferments on both sets of loans, and has applied for income-driven repayment for her federal/Nelnet-serviced loans.

14. For the foregoing reasons, the debtor's educational loan debts to the defendants should be discharged pursuant to 11 U.S.C. section 523(a)(8).

## PRAYER FOR RELIEF

WHEREFORE, the debtor Kathleen M. Schroeder prays:

(a) That the Court enter judgment declaring that the debtor's educational loan debts to the defendants United States Department of Education, Nelnet Servicing, LLC, and Navient Solutions, LLC, are dischargeable debts pursuant to 11 U.S.C. section 523(a)(8); (b) that the Court issue such orders as are necessary to effectuate that determination; and (c) for any additional relief that is just and equitable.

**Respectfully Submitted By:**

/s/ Rachel T. Vogeltanz
Rachel T. Vogeltanz (33501)
The Law Office of Rachel Thyre Vogeltanz, LLC
428 W. 21st Ave.
Covington, LA 70433
(985)377-9271
rachel@rachel.law
*Counsel for the Debtor/Plaintiff Kathleen M. Schroeder*


**PLEASE PREPARE SUMMONS FOR:**

(1)      **U.S. Department of Education**
        Education Department Office of General Counsel
        400 Maryland Ave SW, Room 6E353
        Washington DC 20202-2110

        AND Through the United States of America:
        U.S. Attorney
        Eastern District of Louisiana
        Civil Process Clerk
        500 Poydras St.
        New Orleans, LA 70130

        AND Through the United States Attorney General:
        U.S. Department of Justice
        950 Pennsylvania Avenue, NW
        Washington, DC 20530-0001


(2)      **Nelnet Servicing, LLC**
        Through its President, Timothy A. Tewes
        121 S. 13th St., Ste. 100
        Lincoln, NE 68508

        AND Through its registered agent in Louisiana:
        CT Corporation System
        3867 Plaza Tower Dr.
        Baton Rouge, LA 70816

(3)　**Navient Solutions, LLC**
Through its President and CEO, Jack Remondi
123 Justison St., Suite 300
Wilmington, DE 19801

AND Through its registered agent in Louisiana:
Corporation Service Company
501 Louisiana Ave.
Baton Rouge, LA 70802